BRUNOT, J.
 

 The plaintiff is a real estate broker, and in 1926 the defendant was the owner of a plantation situated in the parish of Orleans, known as “Beka Plantation.” The petition alleges that on January 4,1926, plaintiff and defendant entered into the following contraer:
 

 
 *713
 
 “New Orleans, La., January 4th, 1926.
 

 “I, Leon Meraux, of lawful age and residing at Meraux post office, St. Bernard parish, Louisiana, in consideration of the sum of five hundred dollars ($500.00) to me in hand paid by J. Han Meyers, the receipt of which I hereby acknowledge, do hereby grant unto the said J. Han Meyers, an option, for a period of six months from this date, to buy Beka Plantation, situated on the west bank of the Mississippi river in the parish of Orleans, for the price of seventy ($70.00) dollars per acre less 5 per cent.
 

 “The deduction of 5% is to apply whether the said J. Han Meyers purchases said plantation himself or disposes of it to any one else.
 

 “The above plantation is bounded on the upstream by Delacroix plantation, now owned by the heirs of Charles A. Par well; on the downstream by section four (4) owned by J. Han Meyers, formerly owned by the estate of John B. Meyers; and fronts on the Mississippi river, the property being more fully described in the title of the said Leon A. Meraux, which title description is incorporated herein by reference.”
 

 It is alleged that the contract was signed and promptly recorded, and on May 20, 1926, a short time before the expiration of the option granted in the aforesaid contract, the said option was extended for four months from and after July 4,1926. It is alleged that the contract for the extension of the option is similar in all respects to the terms of the agreement of January 4, 1926, except that in the agreement extending the option the price to be paid for the property was fixed at $75 per acre, to be payable one-fourth or more in cash and the balance in five equal annual installments, with 6 per cent, per annum interest on the deferred payments, and the addition of a clause binding the heirs, executors, and assigns of the parties to the agreement. It is alleged that the contract extending the option was also recorded, and that the term of the extension of the option expired November 4, 1926. It is alleged that, after the term of the extension of the option had expired, plaintiff notified defendant that he was still endeavoring to find a purchaser for defendant’s property in the hope of earning the 5 per cent, commission on the sale price thereof, and, in this way, recouping the $1,000 which plaintiff had paid the defendant for the options mentioned supra. It is alleged that on December 18, 1926, plaintiff notified defendant that he had interested Mr. Alfred D. Danziger and Mr. L. Gus Elfer in the purchase of the property. It is alleged that this notification was first by telephone conversation, which was later confirmed by the following letter:
 

 “December 18, 1926.
 

 “Mr. Leon A. Meraux,
 

 “Meraux, La., St. Bernard Parish,
 

 “Dear Sir:
 

 “As per conversation over phone, I submitted your Beka Plantation to Mr. Alfred Dan-ziger and Mr. L. Gus Elfer.
 

 “I advised you were asking $75.00 per acre, that you had refused $60.00 per acre, and might entertain an offer of $65.00 per acre.
 

 “If any. of the above parties take up the matter with you, kindly refer them to me.
 

 “Mr. Alfred Danziger purchased the upper Magnolia Plantation from me, which I sold at $40.00 per acre. Just got tired of paying drainage taxes with swamp full of water.
 

 “Price might seem cheap but it would have cost considerable money to clear lands.
 

 “With kindest regards and compliments of the season, I am,
 

 “Yours very truly,
 

 “J. Han Meyers.”
 

 It is alleged that the foregoing letter was followed by a letter addressed to the defendant, dated December 21, 1926, in which plaintiff notified defendant that Mr. C. G. Holifield
 
 *715
 
 had been offered the property by plaintiff, and was what is termed by real estate brokers a prospect.
 

 It is alleged that on December 23,1926, the defendant called at the office of his attorney, Mr. Neil A. Armstrong, Jr., and, at his request, Mr. Armstrong telephoned, the plaintiff and stated to .him that defendant desired to discuss the contents of plaintiff’s letters of December 18 and December 21, 1926, and that said attorney, acting for the defendant, wished to know how much time the plaintiff desired within which to effect the sale of defendant’s property. It is alleged that plaintiff asked for six months’ additional time, but Mr. Armstrong replied that his client would not grant so much.
 

 It is alleged that plaintiff then asked for such time as defendant would grant him, and, in response to this request, plaintiff received the following letter:
 

 “December 23d, 1926.
 

 “Mr. J. Han Meyers, 209 Queen & Crescent
 

 Building, Camp St., New Orleans, La. “Dear Sir:
 

 “With reference to your letters of December 18th and 21st, to Mr..Leon A. Meraux, regarding the Beka Plantation; this is to advise that Mr. Meraux will list this property with you sixty (60) days from date at $75.00' per arpent.
 

 “This property should now measure 36 ar-pents front on the Mississippi river by a depth of 48 arpents between converging lines, plus fractional section 17 of township 13 south, range 25 east, in the southwestern district of Louisiana, having a superficial area of 200.35 acres, the total area being 1,200 arpents.
 

 “Due to the moving out of the batture on the lower end toward Magnolia, there is approximately 80 to 100 arpents additional, which accounts for the total area being approximated at 1,200 arpents.
 

 “Yours very truly,
 

 “Neil A. Armstrong, Jr.,
 

 “Atty. for Leon A. Meraux.”
 

 It is alleged that, before the expiration of the 60 days granted in the foregoing letter, the defendant sold the Beka Plantation to Alfred D. Danziger, for $42,000.
 

 The plaintiff, having interested Alfred D. Danziger in the purchase of the property, is suing for the recovery of the broker’s 5 per cent, commission on the purchase price of the property, viz. $2,100.
 

 The defendant excepted to the petition as not disclosing a right or cause of action. The exception was sustained and the plaintiff appealed.
 

 In considering the case, all the allegations of the petition must be accepted as true, and where it is ¿lleged that a real estate broker has secured the prospect and the owner sells the property to that prospect during the period of time when it is lawfully listed with the broker, the broker has a cause of action against the owner for the recovery of his commission. This is the accepted rule, and it is so uniformly adhered to that we think it superfluous to cite the authorities.
 

 For these reasons, the decision is reversed, and the case is remanded to the lower court, to be heard upon the merits. The costs of the appeal to be paid by appellee.
 

 O’NIELL, O. J., absent.